09-0290-ag
Liu v. Holder

BIA
Brennan, IJ
A099 025 381

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand ten.

PRESENT:
        REENA RAGGI,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.
_____

QIU HU LIU,
        *Petitioner*,

        v.                                    09-0290-ag
                                              NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Feng Li, New York, New York.

**FOR RESPONDENT:**              Tony West, Assistant Attorney
                                General; Michelle Gorden Latour,
                                Assistant Director; Tracie N. Jones,
                                Trial Attorney, Office of
                                Immigration Litigation, United
                                States Department of Justice,
                                Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Qiu Hu Liu, a native and citizen of the People's Republic of China, seeks review of a December 30, 2008 order of the BIA affirming the February 20, 2007 decision of Immigration Judge ("IJ") Noel Brennan, which denied Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Qiu Hu Liu* No. A099 025 381 (B.I.A. Dec. 30, 2008), *aff'g* No. A099 025 381 (Immig. Ct. N.Y. City Feb. 20, 2007).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the

2

BIA's and IJ's opinions – or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110-11 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See Corovic*, 519 F.3d at 95. Under the REAL ID Act, which applies to Liu's application for relief, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Here, the IJ noted a discrepancy between Liu's testimony and a letter from his father regarding the length of time he was detained. Though his father provided a second letter providing a time frame consistent with Liu's testimony, the IJ acted within her discretion in declining to afford it evidentiary weight because Liu admitted that he had informed his father of the discrepancy and requested the second letter. *See Xiao Ji Chen v. U.S. Dep't Of Justice*,

3

471 F.3d 315, 342 (2d Cir. 2006) (observing that weight afforded applicant's evidence in immigration proceedings lies largely within discretion of IJ).

The IJ found additional inconsistencies between Liu's testimony and other documents in the record. Liu testified inconsistently about the author of the documents he received from church members; was unable to verify who gave the letters to his father; and claimed that one letter was sent to his lawyer and another to his home in Brooklyn, a claim undercut by envelopes in the record indicating that both were sent to his attorney. Liu's inconsistent testimony regarding the documents he offered was a proper basis upon which to question both the documents' authenticity and Liu's veracity. *See Xiao Ji Chen*, 471 F.3d at 342.

Further, the IJ found that Liu's demeanor was not consistent with credibility. We defer to the IJ on this assessment, *see Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005), mindful of her unique advantage in hearing directly from the asylum applicant, see Zhang v. INS, 386 F.3d 66, 73 (2d Cir. 2004).

Ultimately, the discrepancies the IJ identified and its assessment of petitioner's demeanor provide substantial evidence for her adverse credibility determination. *See* 8

4

U.S.C. § 1158(b)(1)(B)(iii).  Because Liu's claims for relief were each based on the same factual predicate, the agency's denial of asylum, withholding of removal, and CAT relief was proper.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
